# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PAUL RENFROE and DIANE RENFROE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FLAGSTAR BANK, GOVERNMENT )<br>NATIONAL MORTGAGE )<br>ASSOCIATION, MORTGAGE )<br>ELECTRONIC REGISTRATION )<br>SYSTEM, SELENE FINANCE, LP, )<br>and PLANET HOME LENDING, LLC, )<br>)<br>Defendants. ) | No. 14-2914-STA-dkv |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation to grant the Defendants' motions to dismiss, entered March 2, 2015. (ECF No. 26). On November 25, 2014, Defendant Government National Mortgage Association ("Ginnie Mae") filed a Notice of Removal to this court based on diversity jurisdiction. (ECF No. 1). The various Defendants filed separate motions to dismiss for failure to state a claim. (ECF Nos. 7, 14, 15, 23, 19). The last motion to dismiss was filed on January 12, 2015. (ECF No. 23). The Plaintiffs, Paul and Diane Renfroe, did not respond to any of the motions. On March 2, 2015, the Magistrate Judge issued her Report and Recommendation to grant the motions to dismiss, in which she analyzed every claim. (ECF No. 26). On March 19, 2015, the Plaintiffs filed a Motion for Extension of Time to respond to the Defendants' motions to dismiss (ECF No. 27), along with their objections to the Magistrate Judge's order. (ECF No. 28). The Court denied the Motion for Extension of

1

Time but informed the parties that it would consider the Plaintiffs' late-filed objections. (ECF No. 31). The Defendants then filed separate responses to the Plaintiffs' objections. (ECF Nos. 30, 32, 33). For the reasons stated below, the Plaintiffs' objections are **OVERRULED** and the Magistrate's Report and Recommendation is **ADOPTED**.

## **BACKRGOUND**

The Plaintiffs have not objected to any proposed finding of fact in the Magistrate's Report, and therefore the Court adopts the Magistrate's findings and reproduces them here with minor alterations.

The Renfroes' 32-page, 153-paragraph complaint relates to the title of the Renfroes' principal residence located at 10577 Flemings Drive, Collierville, TN 38107 (the "Property"). Because the complaint contains minimal factual allegations, the Magistrate considered the public records of the Shelby County Register attached to Planet Home Lending LLC's ("Planet") Counterclaim and parts of this record which are central to the complaint to construe the events leading to the instant action.[1]

On August 25, 2011, Paul Renfroe executed a promissory note in the principal amount of $184,729.00 in favor of Defendant Flagstar Bank ("Flagstar"). (ECF No. 13-2). To secure the note, the Renfroes executed a Deed of Trust encumbering the Property to Mortgage Electronic

---

[1] The court may consider "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint,'" without converting the motion to one for summary judgment. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (quoting *Bassett v. Nat. Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). The court may also consider "documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Amini*, 259 F.3d at 502 (internal quotations and citations omitted).

Registration System ("MERS") as nominee for Flagstar.[2] (ECF No. 13-3). Subsequently, on September 16, 2014, MERS assigned the Deed of Trust to Planet.[3] (ECF No. 13-4).

According to the complaint, at some unidentified point in time, the note was transferred to Government National Mortgage Association ("Ginnie Mae"), "acting as the Trustee for the TRUST 2011-122." (Compl. ¶ 30, ECF No. 1-2). The Renfroes allege that their loan was securitized by the Defendants, "with other loans and mortgages with an aggregate principal balance of approximately $586,134,233 into the TRUST 2011-122 Trust." (*Id.*). Further, the Renfroes allege that unspecified defendants "prepare[ed], post[ed], publish[ed], and record[ed] . . . the Notice of Default, Notice of Trustee's Sale, Trustee's Deed and . . . documents evidencing the commencement [sic] of a judicial foreclosure," but do not otherwise state when they received it or any other facts surrounding it. (*Id.* ¶ 105). It is unclear from the complaint whether any foreclosure proceedings on the Property have been commenced.

Based on these events, the Renfroes brought suit against the Defendants asserting the following causes of action: (1) lack of standing/wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) action to quiet title; (7) declaratory relief; (8) violation of the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"); (9) violation of the Real Estate Settlement Procedure Act ("RESPA"); and (10) rescission. (*Id.* ¶¶ 56–153).

---

[2] This Deed of Trust was recorded with the Shelby County Register on August 31, 2011, as Instrument No. 11085588.

[3] The Assignment of Deed of Trust from MERS to Planet is recorded with the Shelby County Register as Instrument No. 14096141.

**OBJECTIONS**

In a thorough, 21-page Report and Recommendation, the Magistrate correctly set forth the standard of review for failure to state a claim and concluded that each of the Plaintiff's 10 "counts" should be dismissed. The Magistrate correctly determined that, even taking factual allegations as true, the Plaintiff's complaint was so vague, conclusory, and devoid of facts that it left the Defendants without notice of the nature of the claims asserted against them. For instance, the Plaintiffs did not even allege that any Defendant had actually foreclosed. More generally, the Magistrate opined that "all of the Renfroes' arguments are premised on the erroneous theory that the Defendants do not have a valid interest in the Property due to deficiencies in the multiple assignments of the loan as well as the securitization process." Furthermore, "[b]ecause the Renfroes were not parties to the transfers nor were their contractual obligations under the Note or the Deed of Trust affected in any way, they lack standing to challenge any assignment of the loan." The same is true for their challenges to securitization: "the fact that the Renfroes' Note was securitized did not absolve them from their loan obligation or shield them from foreclosure."

After receiving "specific written objections," a district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[4] The district judge applies a de novo standard to "any part of the magistrate judge's disposition that has been properly objected to."[5] The Plaintiffs have not offered "specific written objections" to most of the Magistrate's Report and Recommendation. The Renfroes do not dispute the loan documents and fail to point this Court

---

[4] Fed. R. Civ. P. 72(b)(2), (3).

[5] *Id.*

to any allegations in the complaint showing that the Magistrate erred in her ruling. The Court attempts to decipher the purported objections below.

In response to their own lack of standing to challenge assignments of the note at issue, the Renfroes object, arguing that MERS's involvement in the transactions means that "the principal [sic] of the poisonous tree applies." In other words, if MERS participated in any way, no party has the right to enforce against the Renfroes. While the Plaintiffs' objections are not wholly clear, "[c]ourts nationally, including Tennessee's, have consistently approved MERS' [sic] role in loans when designated as the nominee and beneficiary under a deed of trust."[6]

Next, the Renfroes vaguely object to the Magistrate's conclusion on securitization, citing inapplicable portions of the Uniform Commercial Code. In Tennessee, securitizing a note does not sever the note from the deed of trust. The deed of trust follows the note, and whoever holds the note owns the deed.[7] Finally, the Plaintiffs expressly waived the right to presentment and notice of dishonor in the note,[8] and they concede the validity of the note. More generally, the Magistrate was correct in recommending dismissal because it is impossible, after reading the complaint, to determine which Defendant acted and what specific injury gives rise to any cause

---

[6] *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) (citing *Samples v. Bank of Am., N.A.*, No. 3:12-cv-44, 2012 U.S. Dist. LEXIS 52849, at *10 (E.D. Tenn. Apr. 16, 2012) (collecting cases)).

[7] *W.C. Early Co. v. Williams*, 186 S.W. 102, 103 (Tenn. 1916).

[8] *Aurora Loan Servs., LLC v. Woody*, No. W2014-00761-COA-R3-CV, 2014 Tenn. App. LEXIS 872, at *39–40 (Tenn. Ct. App. Dec. 30, 2014) ("Recently, a federal court applying Tennessee law held that, construing these provisions [Tenn. Code Ann. §§ 47-3-501(a), 501(b)(2)] together with a waiver of presentment clause in a promissory note, 'the production of the note itself is not required to enforce a promissory note." (quoting *Gibson v. Mortg. Elec. Registration Sys., Inc.*, No. 11-2173-STA, 2012 U.S. Dist. LEXIS 63510 (W.D. Tenn. May 7, 2012)).

of action.[9]  Indeed, the Court is not required "to ferret out the strongest cause of action on behalf of *pro se* litigants. . . . [That duty] would transform the courts from neutral arbiters of disputes into advocates for a particular party."[10]  The complaint does not state any claims upon which relief may be granted, nor could it put the Defendants on notice as to any cause of action raised against them in their individual capacities.

## CONCLUSIONS

The Court **ADOPTS** the Magistrate's Report and Recommendation.  Where the Plaintiffs have objected specifically to a portion of the Magistrate's Report and Recommendation, those objections are **OVERRULED** for the reasons stated above.  Thus, the Plaintiffs' complaint is **DISMISSED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
HON. S. THOMAS ANDERSON
UNITED STATES DISTRICT COURT

Date:  May 26, 2015.

---

[9] This is probably the result of the Plaintiffs' use of a generic complaint found online. The Plaintiffs' allegations of the Magistrate's "disdain" of *pro se* plaintiffs is unfounded. Although online resources are in no way prohibited by the Court, the submission of generic allegations, alongside almost zero alleged facts, gives credence to the Magistrate's determination that "[t]he Renfroes' complaint contains minimal factual allegations specific to the Renfroes' loan as well as irrelevant and sweeping legal conclusions."  Report and Recommendation at 6.

[10] *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011).